Herbert *v.* Pennsylvania R. R. Co.

JAMES HERBERT

*v.*

THE PENNSYLVANIA RAILROAD COMPANY.

1. By authority of law the defendant has expended many thousands of dollars in making a railroad embankment across the corner of a meadow, which is a bed of mud and silt of considerable depth, for the purpose of avoiding a dangerous curve and expediting travel. The filling in the embankment has sunk into the silt and forced it back upon adjacent property so as to disturb the surface of the complainant's lot, upon which he has a building, and has thereby damaged the building. The disturbance of the surface of the lot has existed for several months, and continues at the time of this application, but may cease at any moment.—*Held*, that it is not shown that the complainant's property will be subjected to further injury; that he has a remedy at law against a responsible defendant; that the embankment is a public benefit, and has been built at great cost, and consequently that neither a mandatory injunction, which will require its removal, nor a preventive injunction, which will stop its completion, will issue.

2. It is also shown that said structure is upon portions of streets which were laid out by the complainant's grantor upon a map, by reference to which the complainant's lot is described in the deed to him, and that the streets were dedicated by said grantor to the public use, and the dedication was accepted, and that the public use in the portions covered by the embankment was subsequently surrendered according to law by the proper authorities, and that the complainant's lot does not abut upon such portions.—*Held*, that the complainant will not be entitled to the issuance of an injunction because of the interference with any right or easement he claims in the streets, for the reasons that his rights, if any there be, are doubtful and unsettled in this state, and the injury to them is slight in comparison to the injury which the issuance of an injunction may work to the defendant and the public, and may be compensated in damages by action at law.

On motion for injunction.

*Mr. James Flemming,* for the motion.

*Mr. James B. Vredenburgh, contra.*

THE CHANCELLOR.

The Pennsylvania Railroad Company, by authority of law, is constructing a connection between two points in its main track at Jersey City, for the purpose of avoiding a dangerous and expensive curve. The benefit to be derived from the undertaking will be the shortening of the line of the road, the expedition of travel, the removal of danger to the public in the use of a sharp curve, and the saving of wear to the company's rolling stock.

A portion of this connection is to be upon a solid embankment, in process of construction, over the corner of a meadow, which seems to be a bed of mud and silt of considerable depth. This embankment is to be used, not only for part of the proposed connection between points in the line of the Pennsylvania Railroad, but also by the New Jersey Junction Railroad Company, which connects the Pennsylvania Railroad system with that of the West Shore Railroad Company, and it has so nearly reached completion that the regular passenger trains of the New Jersey Junction Railroad are now running upon scheduled time over the portion of it which lies nearest to the complainant's lot hereafter mentioned.

The defendant company has been at work upon the embankment for nearly sixteen months, has put in it about one hundred and sixty thousand cubic yards of earth and other filling, and has expended upon it many thousands of dollars.

The complainant is the owner of a lot adjacent to the embankment, twenty feet wide and eighty feet deep, upon which is erected a three-story frame tenement house. He purchased this lot about twenty-five years ago from one Edgar B. Wakeman, who had laid out his property into blocks, lots and streets, and mapped it. His deed describes the lot by reference to the map of Wakeman and the blocks, lots and streets shown thereon. The city of Jersey City accepted the dedication of the streets to the public use by Wakeman, and took control of them; but in May, 1887, under and in pursuance of the provisions of the city's charter, vacated the portions which were occupied by the defendant's embankment, and abutted by its property.

Herbert v. Pennsylvania R. R. Co.

Within the past two months the surface of the complainant's lot has been irregularly upheaved, so that his building is almost a complete wreck and has been deserted by the tenants who occupied it. The complainant claims that this upheaval is due to the deposit of filling material used in the construction of the embankment upon the soft meadow. His theory is that the filling either displaced the silt and mud and forced it back upon adjacent property, of which his lot is a part, or that the filling material itself moves upon and through the mud, under the surface of his lot and up through that surface, and he insists that from one or the other or both of these causes the surface of the lot has been and is being disturbed.

He also claims that because Wakeman described his lot in the deed he gave for it by reference to the map aforesaid and the streets shown upon it, that he is entitled to have the embankment removed from the portions of the streets which have been vacated, and the further filling upon such portions of the streets stopped.

He asks for a mandatory injunction to remove the entire filling, because he claims that it continues to damage his property, and to remove that part of it which is in the vacated streets, not only because of its damage to his property, but also because it disturbs his use of the streets by virtue of the right given to him by the Wakeman dedication.

He asks also for a preventive injunction to restrain further filling, for the same reasons.

A mandatory injunction should be issued interlocutorily with hesitation and caution, and only in an extreme case where the law plainly does not afford an adequate remedy. *Longwood Valley R. R. Co.* v. *Baker, 12 C. E. Gr. 166; Whitecar* v. *Michenor, 10 Stew. Eq. 6; Lord* v. *Carbon Manufacturing Co., 11 Stew. Eq. 459.*

It does not with any certainty appear that further injury will result to the complainant from the embankment or the further filling upon it. It can hardly be doubted that the filling already done has damaged the complainant's building. The gradual rising of the surface of the meadow adjacent to the embank-

Herbert v. Pennsylvania R. R. Co.

ment, as the filling progressed, satisfies me of this. But whether this was caused by the forcing back of the mud and silt as the embankment sank, or by the filling itself spreading out into the meadow, is a matter of mere conjecture. It may be, for aught that appears to the contrary, that the embankment has now reached a solid foundation, and that it will not further force back the silt, and it may be, if it has spread, that the spreading is now checked. It does not follow from the continual sinking of the embankment that injury will thereby be done to the adjacent property. The sinking may result from the condensation of that which is already in the bank.

Although questions of law, intricate and unsettled in the courts of this state, may be involved in a suit by the complainant to recover damages, I am satisfied that the filling has been a nuisance to him, from which he has suffered and for which he has his remedy by action at law. *Perrine* v. *Bergen, 2 Gr. 355.*

The right of this court to interfere in case of a nuisance does not arise from the fact that a nuisance exists, but results from the circumstance that the equitable power of the court is necessary to protect the party from a future injury for which no adequate redress can be obtained by an action at law, or its interference is necessary to suppress interminable litigation for the recovery of damages for an actionable wrong. *Carlisle* v. *Cooper, 6 C. E. Gr. 585.*

It has not been made satisfactorily to appear that the litigation to which the complainant must resort will not be settled in one suit.

This case is not, in its equitable aspects, as the complainant insists, like the case of backwater from a dam which overflows the complainant's land. The backwater will lie upon the land till the cause of its backing there is removed. Here, at any moment, the disturbance in the complainant's lot may cease. In the one case the injury is certainly continuous until the dam shall be lowered or removed, while in the other it is as probable that the damage is now at an end as it is that it will continue, and if it now continues it is almost certain that in a short time, in obedience to natural laws, it will cease. In such a condition

Mount *v.* Manhattan Co.

of uncertainty as to future injury, and in view of the fact that the complainant has an adequate remedy at law, I am most decidedly of the opinion that this court should not, by its mandatory injunction, compel the defendant to expend thousands of dollars in destroying that which it has expended so much in building up, and that under such circumstances the court should not, by its preventive injunction, stop the completion of a work upon which so much has been expended and which will be of as great public benefit as it appears this will be.

The complainant's building is now badly wrecked and deserted by its tenants, and the possible future damage to him will be small in comparison to the injury which the issuance of either a preventive or mandatory injunction, at this time, will certainly work to the defendant. In such a situation the complainant must be left to his legal remedy. *Quackenbush* v. *Van Riper, 2 Gr. Ch. 354.*

The same reasoning must apply to the complainant's claim that he is deprived of his rights in the vacated streets. The damage to him by the taking away of these rights is small when compared to the injury which the injunction he seeks would work to the defendant. What those rights are, or indeed, if such rights exist at all, is, to say the least, doubtful and unsettled in this state, and such doubt is a reason why an interlocutory injunction should not issue.

The motion will be denied.